IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nancy Buccina,                                            Case No. 3:14CV2434

         Plaintiff

         v.                                              **ORDER**

Linda Ann Grimsby,

         Defendant

       This is a personal injury case arising from a boating accident on the Maumee River.

       Plaintiff brought this action within the statute of limitations for admiralty cases, but beyond the statute of limitations for state-law negligence cases. Defendant moved to dismiss on the basis that, though the Maumee is navigable, the complaint otherwise failed to allege the second basis for this court's admiralty jurisdiction – namely, that the incident giving rise to this suit had the potential to disrupt maritime commerce. *See generally Gruber v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 532-34 (1995).[1]

       I overruled that motion. *Buccina v. Grimsby*, 96 F. Supp. 3d 706 (N.D. Ohio 2015).

       Pending is the defendant's motion for summary judgment (Doc. 26), in which she renews her challenge to the plaintiff's assertion of admiralty jurisdiction. She does so on the basis that

---

[1] In addition, the "potential hazard to maritime commerce [ must] arise[] out of activity that bears a substantial relationship to traditional maritime activity." *Grubart, supra,* 513 U.S. at 534; *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 675 n.5 (1982). Conveying passengers in a pleasure boat is a "traditional maritime activity." *Quinn v. St. Charles Gaming Co*., 815 So.2d 963, 968 (La. App. 2002).

undisputed facts developed during discovery show that the incident had no potential to disrupt maritime commerce.

The accident happened when defendant, owner and operator of a seventeen-foot pleasure boat, was headed upriver at the mouth of the Maumee. No commercial vessels were in sight. Plaintiff Buccina and a Ms. Roy were passengers. The waters were choppy; the parties' estimates of the boat's speed vary, with plaintiff and Ms. Roy estimating it to have been in excess of twenty m.p.h.; defendant contends her speed was less. Ms. Roy testified that, shortly before the accident, she told defendant to be careful. Defendant maintained speed.

The boat hit a wave, estimated to be about three feet; defendant had turned slightly just before striking the wave. The impact lifted plaintiff about six inches out of her seat, which was in the bow of the boat. She felt pain (from, she alleges, a resulting back injury).

Defendant drove the boat to the Toledo Coast Guard station. Personnel on duty at the station got plaintiff out of the boat, onto a gurney, and into an ambulance. These activities occupied Coast Guard personnel for about twenty minutes.

In addition to, and perhaps more importantly than, the potential effect on merchant shipping on the Maumee noted in *Buccina, supra*, 96 F. Supp. 3d at 711, this incident led directly to the involvement of Coast Guard personnel. To be sure, such involvement was not of the search-and-rescue sort commonly associated with Coast Guard activities with a perceptible potential impact on maritime commerce. *See, e.g., In re Mission Bay Jet Sports, LLC,* 570 F.3d 1124, 1128-30 (9th Cir. 2009) (describing cases). Nonetheless, the need to tend to an injured boat passenger made those servicemen unavailable to others, including commercial vessels and seamen for whose safe passage along the Maumee and well-being they were primarily responsible.

I conclude, accordingly, that exercise of admiralty jurisdiction is appropriate due to the potential that the accident and its *sequella* had to disrupt maritime commerce.

It is, accordingly,

ORDERED THAT defendant's motion for summary judgment (Doc. 26) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge