**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Nancy Buccina, et al.,                                          Case No. 3:14CV2434

               Plaintiffs

        v.                                          **ORDER**

Linda Ann Grimsby,

               Defendant

     This maritime tort case arises from a boating accident that occurred near the mouth of the

Maumee River. I have admiralty jurisdiction. *Buccina v. Grimsby*, --- F. Supp. 3d ----,

2016 WL 157780 (N.D. Ohio 2016); *Buccina v. Grimsby*, 96 F. Supp. 3d 706 (N.D. Ohio 2015).

     Pending is the plaintiffs' "Motion in Limine to Preclude Application of *Robinson v. Bates*,

112 Ohio St. 3d 17 (2006)." (Doc. 49).

     There the Ohio Supreme Court held the difference between "the original amount of a medical

bill and the amount accepted as the bill's full payment is not a 'benefit' under the collateral-source

rule." *Robinson*, *supra*, 112 Ohio St. 3d at 23. For that reason, the court explained, the collateral-

source rule does not prevent defendants from introducing "evidence of the amount accepted by a

medical care provider from an insurer as full payment for medical or hospital treatment" to prove

the reasonable value of such treatment. *Id.* at 18.

     Buccina argues these rules do not apply because "general maritime law applies to all

substantive issues . . . related to damages and evidence of damages." (Doc. 49 at 1). She asserts, with

no citation to authority, the reasonable value of medical services is "calculated under the general maritime law by simply tallying the total medical bills charged." (*Id.*).

In response, Grimsby contends no provision of maritime law addresses the admissibility of evidence showing an insurer paid a discounted rate to satisfy the plaintiff's medical bills, and that state law can appropriately fill that type of "gap" in the law. (Doc. 55 at 4).

### A. Maritime Law's Collateral-Source Rule

"With admiralty jurisdiction comes the application of substantive maritime law." *East River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858, 864 (1986).

"The exercise of admiralty jurisdiction, however, does not result in automatic displacement of state law." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996). "State law can be applied in order to supplement the general maritime law[.]" *Jones v. Carnival Corp.*, 2006 WL 8209625, *1 (S.D. Fla.); *see also Stanley v. Bertram-Trojan, Inc.*, 868 F. Supp. 541, 542 (S.D.N.Y. 1994) ("[T]he preference for uniformity [in admiralty law] does not totally preclude application of state law in the appropriate circumstances."). But there is no place in admiralty cases for state laws that conflict with maritime law. *Jones*, *supra*, 2006 WL 8209625, at *1.

The provision of maritime law most relevant to Buccina's motion is the collateral-source rule. That rule "applies as a matter of federal law and therefore applies in admiralty cases." *Stanley*, *supra*, 868 F. Supp. at 543.

The collateral-source rule is "first and foremost a substantive rule of no reduction." *Jones*, *supra*, 2006 WL 8209625, at *1. It "denies to a tortfeasor a reduction in liability by any amounts the plaintiff receives from a source collateral to, or independent of, the tortfeasor." *Phillips v. Western*

*Co.*, 953 F.2d 923, 929 (5th Cir. 1992). The rule also has an evidentiary component "requiring the exclusion of evidence of any collateral benefits." *Id.*

There is little authority addressing the issue Buccina's motion raises: whether the difference between the amount billed, and the amount accepted as full payment, for her medical expenses (sometimes called the "written-off amount," a "negotiated discount," or a "contractual discount") is a "benefit" for purposes of maritime law's collateral-source rule. *Jones*, *supra*, 2006 WL 8209625, at *2 (noting absence of "a case or other source of general maritime law" discussing whether written-off portion of medical bills is a "payment" from collateral source).

The parties' briefs offer no guidance on this issue, and my research has uncovered only one case discussing it: *Jones*, *supra*.

In that case, Jones sustained injuries while traveling through navigable waters aboard a Carnival cruise ship. Carnival moved to bar Jones from introducing evidence that the amount of her medical bills exceeded, by more than $37,000, the amount her insurance company paid to satisfy those bills. The district court concluded Carnival's request implicated the substantive component of the collateral-source rule:

> [The collateral-source rule] . . . requires that a tortfeasor's liability not be reduced by any payments from collateral sources. Carnival is seeking to exclude all evidence that Ms. Jones' medical bills exceeded $58,780.97. If granting Carnival's motion results in a reduction in liability by any amounts the plaintiff received from a collateral source, the substantive rule requires a denial of Carnival's motion.

*Id.*, at *1.

The court then turned to whether the contractual discount between Jones's insurer and her health-care providers "count[ed] as a payment to Ms. Jones[.]" *Id.*, at *2.

3

Of principal interest to me is the observation in *Jones* that there was no "case or other source of general maritime law answering the question." *Id.* The court therefore looked "to state law, specifically, Florida law," and accepted the Florida Supreme Court's determination that "a contractual discount *is* a collateral source payment to the insured because a 'payment' includes a discharge of a debt." *Id.* (emphasis in original).[1]

The takeaway from *Jones* (and the dearth of authority on the issue) is that there appears to be no uniform maritime rule governing the admissibility of contractual discounts, and that it is not inappropriate for a federal court exercising admiralty jurisdiction to look to state law for guidance.[2]

### B. *Robinson v. Bates*

Unlike the Florida Supreme Court, the Ohio Supreme Court has concluded the difference between the amount billed and the amount accepted for medical services is not a "payment" for purposes of the collateral-source rule. *Robinson*, *supra*, 112 Ohio St. 3d at 22–23 (discussing common-law collateral-source rule); *see also Jaques v. Manton*, 125 Ohio St. 3d 342, 344–45 (2010) (contractual discount is not "benefit" for purposes of O.R.C. § 2315.20, which abrogated common-law collateral-source rule).

---

[1] Ultimately, the district court permitted Jones to introduce evidence of the contractual discount. "If Ms. Jones is *not* permitted to present [that] evidence," the court explained, Carnival's liability "will be reduced by an amount the plaintiff received from a collateral source," in violation of the maritime collateral-source rule. *Id.*, at *2 (emphasis in original).

[2] I do not place much reliance on this fact, but it is worth noting that there was apparently no dispute in *Jones* that evidence of the amount paid for Jones's medical bills was admissible. That hardly supports Buccina's claim there is a widespread maritime policy of calculating damages solely with reference to the amount billed for medical care. *Cf. Koch v. U.S.*, 2015 WL 4129312, *7 (E.D. La.) (concluding, without much discussion, proper measure of damages for medical expenses in case under Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*, was amount paid by plaintiff's insurer, not "amounts actually billed by [his] medical providers").

4

As the court explained in *Robinson*, *supra*, 112 Ohio St. 3d at 22–23, "[t]he collateral-source rule excludes only evidence of benefits *paid* by a collateral source. Because no one pays the write-off, it cannot possibly constitute *payment* of any benefit from a collateral source." (Emphasis in original; internal quotation marks and citations omitted). For that reason, evidence that an insurer paid the plaintiff's bills at a discounted rate is not subject to exclusion under the collateral-source rule. *Id.* at 23.

## C. Ruling

In light of the foregoing, I conclude the federal maritime collateral-source rule applies here. Grimsby cannot use the amounts paid by Buccina's insurer to offset her own liability, if any, for the reasonable value of medical services Buccina required.

I also conclude, in the absence of a relevant, uniform maritime rule, it is not inappropriate to look to state law to determine whether the written-off portions of Buccina's medical bills constitute a "benefit" for purposes of the collateral-source rule. I also accept the Ohio Supreme Court's holding that such write-offs do not constitute a benefit from a collateral source.

That being the case, I conclude the maritime collateral-source rule does not, of its own force, require the exclusion of such evidence at trial.

It is, therefore,

ORDERED THAT: plaintiffs' Motion in Limine to Preclude Application of *Robinson v. Bates* (Doc. 49) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

5