**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Nancy Buccina, et al.,                                                   Case No. 3:14CV2434

       Plaintiffs

       v.                                                          **ORDER**

Linda Ann Grimsby,

       Defendant

This suit results from injuries plaintiff claims she incurred when defendant drove her pleasure boat into a wake or wave in choppy water on the Maumee River near Toledo, Ohio.[1] Pending trial (to begin Tuesday, February 16, 2016), counsel have filed a second round of several motions in limine. I state my ruling on those motions in an order filed concurrently with this order.

During the course of reviewing and ruling on those motions – in particular, the motion re. the burden to prove proximate cause (Docs. 65, 80) – I have revisited my recent ruling that:

> The law in our Circuit as to the application of the [Inland Navigation] Rules[, 33 C.F.R. § 8301 *et seq*.] is not as clear-cut as plaintiff suggests. Nonetheless, I agree that the better approach is to apply the Inland Rules to incidents such as this, rather than restricting their scope to vessel-on-vessel collisions.

*Buccina v. Grimsby*, 2016 WL 246048, *2 (N.D. Ohio).

On further consideration, I have concluded that the term, "collision," as used in the Inland Navigation Rules, including most specifically and pertinently, Rule 6 (the "safe speed" rule) and

---

[1] Because the Maumee River is a navigable waterway, I have concluded that this case arises within this court's admiralty jurisdiction. *Buccina v. Grimsby*, 2016 WL 157780 (N.D. Ohio) (overruling defendant's motion for summary judgment); *Buccina v. Grimsby*, 96 F. Supp. 3d 706 (N.D. Ohio 2015) (overruling defendant's motion to dismiss).

Rule 8 (Avoiding Collision), is limited to accidents involving vessels. Thus, for the reasons that follow, I now hold that no "collision" occurred in this one-boat accident.

As a necessary consequence of my holding that this case arises within this Court's admiralty jurisdiction, along with such jurisdiction "comes the application of substantive maritime law." *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986).

"To recover for negligence under the general maritime law, the plaintiff must establish the following: (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; (3) the breach directly and proximately caused (4) the plaintiff's actual injuries." *Pendley v. Ferguson-Williams, Inc.*, 2007 WL 13000974, *3 (S.D. Tex.); *see also Moore v. Matthews*, 445 F. Supp. 2d 516, 522 (D. Md. 2006) ("Negligence under admiralty law is simply the failure to use reasonable care under the circumstances.").

Moreover, the Inland Navigation Rules "apply to all vessels upon the inland waters of the United States." 33 C.F.R. § 83.01(a). Therefore, I look to those rules – and, most specifically, Rule 6, for the standard of care relative to a boat's speed while underway.

Whether, when defendant's boat struck the wake or wave and ejected the plaintiff from her bow seat involved a "collision" matters because if it were a collision, the burden of proof on causation would shift to the defendant. *E.g.*, *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1874); *Schumacher v. Cooper*, 850 F. Supp. 438, 451-452 (D.S.C. 1994).

I am now of the view that a "collision," as used in the Inland Rules and under Maritime Law, did not occur here for several reasons.

First, the Sixth Circuit, while not having decided the issue conclusively, suggested as much in *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 362 (6th Cir. 2010):

2

"Admiralty law draws a distinction between allisions and collisions. An allision occurs when a moving vessel strikes a stationary object, and a collision occurs when two moving vessels strike each other."

Second, the text and context of Rule 6 and Rule 8 (captioned "Action to Avoid Collision") indicate that the draftsmen did not expect or intend that a "collision" occurred when a vessel was damaged or injury resulted from running into rough water.

The text of Rule 8 indicates quite strongly that a "collision" involves vessel/vessel contact:

(a) Any action taken to avoid collision shall be taken in accordance with the Rules of this subpart (Rules 4–19) (§§ 83.04 through 83.19) and shall, if the circumstances of the case admit, be positive, made in ample time and with due regard to the observance of good seamanship.

(b) Any alteration of course and/or speed to avoid collision shall, if the circumstances of the case admit, be large enough to be readily apparent to *another vessel* observing visually or by radar; a succession of small alterations of course and/or speed should be avoided.

(c) If there is sufficient sea room, alteration of course alone may be the most effective action to avoid a *close-quarters situation* provided that it is made in good time, is substantial and does not result in *another close-quarters situation*.

(d) Action taken to avoid *collision with another* vessel shall be such as to result in passing at a safe distance. The effectiveness of the action shall be carefully checked until *the other vessel* is finally past and clear.

(e) If necessary to avoid collision or allow more time to assess the situation, a vessel shall slacken her speed or take all way off by stopping or reversing her means of propulsion.

(f) (i) A vessel which, by any of these Rules, is required not to impede the passage or safe passage of another vessel shall, when required by the circumstances of the case, take early action to allow sufficient sea room for the safe *passage of the other vessel*.

(ii) A vessel required not to impede the passage or safe passage of *another vessel* is not relieved of this obligation if approaching the *other vessel so as to involve risk of collision* and shall, when taking

3

> action, have full regard to the action which may be required by the Rules of Subpart B (Rules 4–19).
>
> (iii) A vessel the passage of which is not to be impeded remains fully obliged to comply with the Rules of Subpart B (Rules 4–19) when the *two vessels* are approaching one another so as to *involve risk of collision*.

33 C.F.R. § 83.08 (emphasis supplied).

Throughout, this Rule principally refers both directly and indirectly other *vessels*, It does not refer, either directly, indirectly, implicitly, or by inference to other obstructions or obstacles – and certainly not to waves and wakes, no matter how created or how dangerous.

Third, the non-binding district cases which plaintiff cites either are not to the contrary or are not persuasive.

For example, the case of *Edington v. Madison Coal & Supply Co.*, 2010 WL 2244078 (E.D. Ky.), involved a close pass between two boats – one a pleasure craft and the other a massive tow boat pulling fourteen barges, having the width of three barges, down the Ohio river. When the pleasure craft steered into waves three or four feet high emanating from the tow boat's sterns. One of the waves washed over the pleasure craft, killing its operator.

That is a far cry from what happened here: there is no evidence of a similar close pass, or of a near collision between two vessels, nor finally (and thankfully) of catastrophic and fatal injuries. *Cf. Bernert Towboat Co. v. USS Chandler*, 666 F. Supp. 1454 (D. Ore. 1987) (near pass between tugboat and guided missile destroyer).

Likewise, the Sixth Circuit's decision in *Matheny v. Tennessee Valley Auth.*, 557 F.3d 311 (6th Cir. 2009), did not address whether a vessel could collide with a wake.

All in all, therefore, I am now persuaded that no collision occurred here.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT:

1. While the general Maritime Law governs this case, there was, as a matter of law, no "collision" for purposes of the Inland Navigation Rules;

2. Any statement or suggestion to the contrary in *Buccina v. Grimsby*, 2016 WL 246048, *2 (N.D. Ohio), be, and the same hereby is abrogated; and

3. The Clerk shall schedule a status conference for Wednesday, February 10, 2016, for the purpose of determining whether I should certify this case, and my ruling that no "collision" occurred in this case, for interlocutory appeal under 28 U.S.C. § 1292(b).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge