IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nancy Buccina, et al.,                                    Case No. 3:14CV2434

       Plaintiffs

  v.                                                              **ORDER**

Linda Ann Grimsby,

       Defendant


    This maritime tort case stems from injuries the plaintiff, Nancy Buccina, sustained while riding as a passenger on a pleasure boat that the defendant, Linda Ann Grimsby, was operating on the Maumee River, a navigable waterway near Toledo, Ohio. The boat struck a wake or a wave, lifting plaintiff from her seat in the bow, and causing a compression fracture when she landed back in her seat.

    The boat hit only rough water: it did not hit another vessel.

    I have concluded the case arises within the court's admiralty jurisdiction. *Buccina v. Grimsby*, --- F. Supp. 3d ----, 2016 WL 157780 (N.D. Ohio 2016); *Buccina v. Grimsby*, 96 F. Supp. 3d 706 (N.D. Ohio 2015).

    With trial set to begin February 16, 2016, the parties filed several rounds of motions in limine. In ruling on those motions, I found it necessary and appropriate to reconsider *sua sponte* my earlier decision regarding the applicability of the Inland Navigation Rules, 33 C.F.R. § 38.01 *et seq*. Specifically, in that earlier ruling I had held that the term, "collision," as used in those Rules, encompassed the circumstances in this case; accordingly I rejected the defendant's argument that

those Rules applied only when one vessel hit another. *Buccina v. Grimsby*, 2016 WL 246048, *2-3 (N.D. Ohio).

After further research and study, I have now concluded that, for purposes of the Inland Navigation Rules, no "collision" occurs when a boat hits a wake or wave. *Buccina v. Grimsby*, --- F. Supp. 3d ----, 2016 WL ------ (N.D. Ohio 2016) (Doc. 91).

When I informed the parties, during a telephone status conference, of that ruling, plaintiff's counsel made an oral motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b).

On consideration of that request, I agree that this may be one of those unusual cases in which interlocutory appeal makes good sense for all concerned.

I have "first line discretion" to certify an interlocutory order for immediate appeal. *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 504 (6th Cir. 2011).

Certification is appropriate if: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the termination of the litigation." *Deutsche Bank Nat'l Trust Co. v. Weickert*, 638 F. Supp. 2d 826, 830 (N.D. Ohio 2009) (Zouhary, J.).

The question of whether a "collision" occurred here is a controlling one because "it could materially affect the outcome of the case." *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012). The answer to this question will materially affect the outcome of the case because the answer defines which party carries the burden of proof on causation.

This is so because, if under the Inland Rules, the defendant's boat "collided" with a wake or wave due to negligent operation, the defendant, contrary to the situation in non-collision cases,

would have the burden to prove her violation of the Inland Rules "*could not have been* the cause of the accident." *Pearce v. U.S.*, 261 F.3d 643, 648 (6th Cir. 2001) (emphasis in original).

Placing the burden of causation on the defendant is, of course, contrary to the conventional standard in negligence cases; indeed, doing so is contrary to the allocation of the burden in injury cases under maritime law where no collision occurred. *E.g.*, *Pendley v. Ferguson-Williams, Inc.*, 2007 WL 1300974, *3 (S.D. Tex.).

Second, a substantial difference of opinion exists on this issue.

For purposes of § 1292(b), "[a] difference of opinion is established when (1) the case is difficult or of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Elliot*, *supra*, 845 F. Supp. 2d at 866.

Here, I have found merit in both potential answers, though I ultimately concluded that the better answer is that striking a wake or wave is not a "collision." But two district courts within the Circuit have concluded a vessel can "collide" with a wake or wave for purposes of the Inland Rules. *Matheny v. Tennessee Valley Auth.*, 523 F. Supp. 2d 697, 713-14 (M.D. Tenn. 2007), *overruled on other grounds*, 557 F.3d 311 (6th Cir. 2009); *Edington v. Madison Coal & Supply Co.*, 2010 WL 2244078, *2 (E.D. Ky.).

Finally, I have been unable to find a decision by any Circuit Court on this issue.

Third, having an answer to this question will materially advance the ultimate termination of the litigation. In light of the fundamental importance of allocation of burdens of proof, knowing now, before trial begins, what the proper allocation is in this case will ensure the trial proceeds appropriately and lessen, quite substantially, the likelihood of an appeal and possible retrial.

For these reasons, I certify the following question for immediate, interlocutory appeal to the United States Court of Appeals for the Sixth Circuit:

Whether a "collision," as that term is used in Inland Navigation Rules 6 and 8, 33 C.F.R. §§ 83.06, 83.08, occurs when a vessel strikes a wake or wave, but not another vessel, so as to invoke the rule of *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873).

It is further ORDERED that:

1. The trial date is vacated, and all further proceedings in this case are stayed pending the Sixth Circuit's disposition of this request for interlocutory review; and

2. The parties shall submit a status report within two weeks after either the Court of Appeals' order declining interlocutory review or its decision on the merits.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge